## Brandon v. Cumberland Telephone & Telegraph Co.

(Decided February 8, 1912.)

### Appeal from Calloway Circuit Court.

Telephone Companies—Liability for Failure to Deliver Message.— A telephone company is a common carrier of intelligence, and is

liable for failing to deliver a message that it agreed to and received compensation to deliver.

HANBERRY & HOLLAND for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, Brandon, brought this action against the appellee company to recover damages for its failure to deliver to him an important telephone message. Upon the conclusion of the evidence for the appellant, plaintiff below, under the direction of the trial court the jury returned a verdict for the appellee, defendant below. So that, the only question we need consider is, was the evidence introduced by the plaintiff sufficient to take the case to the jury.

On the 8th of March, 1911, about 7 o'clock in the evening, A. R. Phillips sent the following message from his home in Calloway County to the appellant at Murray, in the same county:

"John Brandon,
       "Murray, Ky.

"Your mother is not expected to live until morning. Come at once."

This message was never delivered to Brandon, although he lived within a few hundred yards of the telephone exchange to which the message was sent; and the mother of Brandon died about 11 o'clock the following day. If the message had been delivered, as it should have been, on the evening of March 8th, Brandon could and would have reached the house where his mother was lying ill during the night of March 8th, but, not getting the message, he did not know of her critical condition and did not have an opportunity to see her while she was alive.

The evidence shows that Phillips, the sendee of the message, had a telephone in his house that connected with the telephone exchange at Murray. When Phillips got in connection with the operator in the office at Murray, he testifies that the following conversation occurred:

"I asked him if he had a messenger boy at his office. He said 'No, there is no messenger boy here;' then I says 'Will you deliver a message to John Brandon if I

will pay you for it? He says 'Yes, I will deliver it if you will pay a quarter.' I says 'I will pay a quarter or whatever the charge may be, if you will deliver the message.' He says 'All right, I will deliver it at once.' "

That thereupon he sent the foregoing message, which was received by the operator at Murray and repeated back to him. Subsequently he paid the twenty-five cents to the operator at Hazel, a place near his home and where the company maintained an exchange. He further testified that he was a subscriber for the telephone, and did not have to pay extra for ordinary service from his home to Murray or to other local places with which the Murray exchange had connection and to which he was allowed to talk as a local subscriber. It also appears that the company has what it calls a long distance service as well as a local service, and that regular subscribers to the telephone have the privilege of using the local service without any additional charge other than the regular subscription, but when what is called long distance service is used they are required to pay the charge for long distance service, whatever it may be.

It appears from the briefs of counsel that the lower court was influenced to make the ruling it did upon the ground that a local subscriber to the telephone in making a call for local service was only entitled to be put in connection with the person to whom he desired to talk if such person had a telephone; and that neither the local operator at Hazel nor the local operator at Murray had authority to receive or deliver over the local lines and for local subscribers written messages to be delivered in person or in writing, their authority being confined to placing the local subscribers in connection with the party they desired to talk to. The record, however, does not show whether there were two operators or not at the Murray exchange—one for long distance service and the other for local service; nor is there any evidence as to the authority conferred upon the operator at Murray to receive messages like the one sent by Phillips and deliver them for compensation. Nor does the record contain any evidence as to the rules or regulations of the company. In short, the only evidence is that the operator in charge of the telephone office at Murray agreed to deliver this message, if Phillips would pay a charge of twenty-five cents, which he agreed to and did do. Under these circumstances, we think the plaintiff made out a case entitling him to go to the jury. It is well set-

tled that a telephone company is a common carrier of intelligence, and that it is held to the same responsibility as are telegraph companies. Under the facts shown by this record, Phillips contracted with an agent of the company in charge of its office to deliver this message, and was entitled to receive the service for which he paid.

Whether or not Phillips as a local subscriber had a right to demand that this message be delivered, or whether or not the company was engaged in the business of delivering messages for local subscribers, or whether or not the operator at Murray had authority to receive this message and agree to deliver it, or what his duties were in connection with messages of this character, we refrain from discussing. We only decide that on the facts before us the case should have gone to the jury.

Wherefore, the judgment is reversed, with directions for a new trial.